ZWARENSTEYN v. ZWARENSTEYN.

1. Husband and Wife — Separate Maintenance — Decree — Evidence.

Sworn testimony must be introduced in court which, if false, would subject the witness to a charge of perjury, before a court may grant a decree of separate maintenance (CL 1948, § 552.40; Court Rule No 51 [1945]).

2. Same — Separate Maintenance — Decree — Admissions — Evidence.

Decree of separate maintenance was improperly granted where no testimony was introduced upon which such a decree could be based after defendant husband's attorney called the trial court's attention to fact that defendant admitted the plaintiff's allegations and court stated it was not necessary to introduce proof because of such admissions; public policy, as declared by statute, court rule and previous decisions, requiring the introduction of sworn testimony as a basis for decree in such cases (CL 1948, § 552.40; Court Rule No 51 [1945]).

References for Points in Headnotes
[1, 2]  27 Am Jur, Husband and Wife § 424.
[3, 4]  27 Am Jur, Husband and Wife § 428.

3. SAME—SEPARATE MAINTENANCE—REMAND OF SUIT—QUESTIONS FOR
   CONSIDERATION—HUSBAND'S INCOME.
   
   The matter of insufficiency of remainder of husband's income for
   him to live on and carry on his work, a meritorious contention,
   is a proper matter for consideration upon remand of the suit
   for separate maintenance.

4. SAME—SEPARATE MAINTENANCE—COSTS.
   
   No costs are allowed upon reversal of wife's decree for separate
   maintenance, where trial court had stated it was unnecessary
   to take testimony upon admission by defendant's attorney
   that plaintiff's allegations were not controverted and no testi-
   mony to form the basis for such a decree was taken.

Appeal from Kent; Souter (Dale), J. Submitted
October 17, 1956. (Docket No. 90, Calendar No.
46,921.) Decided December 28, 1956.

Bill by Hillegonda E. Zwarensteyn against Hen-
drik Zwarensteyn for separate maintenance. Fol-
lowing admissions of defendant, no testimony was
offered on merits. Decree for plaintiff. Defendant
appeals. Reversed and remanded for new trial.

*Rom & Newton Dilley,* for plaintiff.

*Jerrold H. Keyworth,* for defendant.

KELLY, J. Defendant appeals from a decree of
separate maintenance because the decree was grant-
ed after defendant's attorney stated in court that it
was not necessary to introduce testimony to sustain
plaintiff's allegations in her bill of complaint and,
because of said statement, no testimony was offered
which would sustain such decree.

Plaintiff was the first witness called to the stand,
and she testified that she married the defendant in
the Netherlands; that 4 children were born of the
marriage, their ages being 13, 11, 9 and 5, and that
plaintiff and defendant established their residence in
Grand Rapids, Michigan, in 1950.

The attorney for defendant interrupted further questioning of plaintiff and called the court's attention to the fact that defendant's answer did not deny the allegations contained in plaintiff's bill of complaint, and, therefore, there was "no need of going into testimony on those matters."

Plaintiff's attorney then said: "I don't have any desire to pursue the matter if the allegations of the bill are admitted." The court stated it was not necessary to introduce proof because defendant's attorney admitted the allegations set forth in plaintiff's bill of complaint.

The court granted the decree of separate maintenance without any evidence being introduced in court as grounds for said decree. Counsel for appellee contends that it would "make a mockery of all trials in the circuit courts" to allow the appellant to take "one position at the trial and then complaining on appeal that the court there agreed with him," and cites several cases to the effect that a defendant is prevented from urging "a theory or defense or take a position which is inconsistent with the theory or defense or position which he used in the trial court." The cases so cited, however, are not divorce or separate maintenance actions.

CL 1948, § 552.40 (Stat Ann 1955 Cum Supp § 25.116), provides:

"No decree of divorce shall be made solely on the declarations, confessions, or admissions of the parties, but the court shall require other evidence of the facts alleged in the bill for that purpose, but either party may, if he or she elect, testify in relation to such facts: Provided, however, that the testimony of either party to the action shall be taken only in open court, and that such testimony shall not be received in support or in defense of a charge of adultery."

Michigan Court Rule No 51 (1945) provides:

"No sentence or decree of nullity, declaring void a marriage contract, or decree for divorce, or for a separate or limited divorce, shall be made of course by the default of the defendant; or in consequence of any neglect to appear at the hearing of the cause, or by consent. And every such cause shall be heard in open court."

This Court has held since the early case of *Robinson* v. *Robinson,* 16 Mich 79, that:

"Decrees should not be entered by consent in divorce cases, but the court must look into the testimony and satisfy itself that legal cause for divorce exists."

The statute, the Court Rule, and the decisions of this Court establish the fact that public policy calls for the trial court to be on the alert to prevent collusion or consent between the parties to a divorce or separate maintenance action, and before the marriage ties are severed sworn testimony must be introduced in court which, if false, would subject the witness to a charge of perjury.

No such testimony was offered, and we consequently remand the case for further proceeding.

Appellant contends that the decree appealed from does not allow him sufficient money to live on and to carry on his work. There is merit to his contention and this question should be considered by the trial court on remand.

Reversed and remanded. No costs, neither party having prevailed.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, CARR, and BLACK, JJ., concurred.

BOYLES, J., took no part in the decision of this case.